IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02431-BNB

TYRONE WALKER,

    Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Tyrone Walker, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Correctional Facility in Sterling, Colorado, following his conviction for murder in Case No. 04CR3521 in the Denver District Court. Mr. Walker, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on October 6, 2010. Mr. Walker, thereafter, filed an Amended Application on December 6, 2010, in compliance with Magistrate Judge Boyd N. Boland's Order of November 10, 2010. Mr. Walker has paid the $ 5.00 filing fee.

The Court must construe the Application liberally because Mr. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action will be dismissed.

I. Factual and Procedural Background

On May 18, 1998, Mr. Walker pled guilty to attempted aggravated robbery in the Denver District Court in Case No. 98CR181 and was sentenced on July 6, 1998, to ten years of incarceration in the Colorado Department of Corrections. (Pre-Answer Resp. (Doc. No. 8-3), Ex. C at 8-9.) Mr. Walker filed a motion for reconsideration of his sentence on October 30, 1998, that was denied on November 11, 1998. (*Id.* at 8.) He then filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c) on June 22, 1999, that was denied on June 28, 1999. (*Id.* at 8.) Mr. Walker also filed a postconviction motion pursuant to Colo. R. Crim. P. 35(a) on November 22, 2000, that was denied by the trial court as successive on December 14, 2000. (*Id.* at 7-8.)

Mr. Walker appealed the denial of the Rule 35(a) motion. The Colorado Court of Appeals remanded the Rule 35(a) motion to the trial court with directions to permit Mr. Walker to withdraw or affirm his plea. (*Id.* at 7.) Mr. Walker sought to withdraw his plea and entered a plea of guilty to attempted aggravated robbery, for which he was sentenced to three years of incarceration on October 11, 2002, *nunc pro tunc* to December 17, 1997. (*Id.* at 5-6.) Considering good time and earned time, the sentencing court ruled that Mr. Walker had completed both his sentence and his mandatory parole. (*Id.* at 5.) Six years later, Mr. Walker filed a Rule 35(a) postconviction motion alleging that his sentence was illegal and still outstanding because the trial court acted beyond its authority in discharging his mandatory parole based on time served. (*See Id.* (Doc. No. 8-4), Ex. D at 9 and 13.)

Mr. Walker asserts two claims in his § 2254 Application: (1) the sentencing court lacked authority to discharge his mandatory parole based on time served; and (2) the

state court violated his rights to due process by denying his Rule 35(a) postconviction motion as untimely.

On December 8, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies. Respondents filed their Pre-Answer Response on December 15, 2010, addressing not only affirmative defenses but also the status of Mr. Walker's custody with respect to Case No. 98CR181, the criminal case he is challenging in this action. Mr. Walker filed a Reply on January 4, 2011, addressing both affirmative defenses and the status of his custody.

Respondents argue that this Court lacks subject matter jurisdiction over the Application because Mr. Walker no longer is in custody for the purposes of Case No. 98CR181. The Court agrees. For the reasons set forth below, the action will be dismissed for lack of jurisdiction. The Court, therefore, does not reach Respondents' additional arguments that Mr. Walker's claims challenging the expired Colorado conviction are time-barred under the AEDPA and are procedurally barred from federal habeas corpus review.

II. Analysis

The federal habeas statute requires that an applicant seeking relief from a state court conviction be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The applicant must be "in custody" under the challenged conviction or sentence at the time the habeas application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 847-48 (10th Cir. 2009). Consequently, a state prisoner cannot challenge the constitutionality of his conviction in

a federal habeas proceeding if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss ("Lackawanna")*, 532 U.S. 394, 401 (2001) ("[Applicant] is no longer serving the sentence imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*).

Mr. Walker contends that "[b]ecause the sentence is not authorized by law, the sentencing court was without [j]urisdiction to impose it." (Reply (Doc. No. 9) at 2.) Mr. Walker provides no legal basis for this Court to find that releasing Mr. Walker and finding his mandatory parole completed based on time served is an illegal sentence that violates his federal rights and establishes a reason for finding that he remains in custody for purposes of § 2254(a).

Mr. Walker may be challenging the effect his conviction in 98CR181 had on his subsequent criminal case, in which he was convicted of murdering an individual involved in the robbery at issue in Case No. 98CR181. The Supreme Court addressed whether a current sentence enhanced by an allegedly invalid prior conviction may be challenged under § 2254 in the *Lackawanna* case. There, the Court recognized that a prisoner serving such an enhanced sentence meets the "in custody" requirement. 532 U.S. at 402. However, the Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior

conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (internal citation omitted).

There are two exceptions to this general rule: 1) where there was a failure to appoint counsel on the expired conviction, in violation of the Sixth Amendment; and 2) in the "rare case" where the failure to obtain timely review of the claim is not the applicant's fault. *Id.* 403-405; *see also Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004). Examples of the second exception include a state court's refusal to rule on a constitutional claim that has been properly presented to it, or where the applicant obtains compelling evidence of his actual innocence of the crime after the time for direct or collateral review has expired. *Lackawanna*, 532 U.S. at 405.

Mr. Walker must also demonstrate that he has exhausted his available state court remedies by presenting his claim challenging the lawfulness of his subsequent conviction of murder, as enhanced by the allegedly invalid prior Colorado conviction, to the Colorado courts. *See McCormick*, 572 F.3d at 851 ("Crucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' an applicant seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief [,] including, for example, exhaustion of remedies.') (quoting *Lackawanna*, 532 U.S. at 404) (Emphasis added).

Mr. Walker has not stated a cognizable claim for habeas relief under either of the *Lackawanna* exceptions. The first exception does not apply because Mr. Walker was represented by counsel in the Colorado criminal proceeding at issue. (Am. Application (Doc. No. 4) at 8.) Mr. Walker also has not demonstrated that a state court refused to rule on a constitutional claim that was properly presented to it, or that he obtained

compelling evidence of his actual innocence of the crime after the time for direct or collateral review had expired. Mr. Walker's only claim is that Colo. R. Crim P. 35(a) allows him to challenge an illegal sentence at any time, which the trial court disregarded. (*See* Reply (Doc. No. 9) at 2). Mr. Walker's Rule 35(a) claim, however, does not set forth a cognizable federal constitutional violation because there is no federal constitutional right to postconviction review in the state courts. **See Pennsylvania v. Finley**, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." **Sellers v. Ward**, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also* **Steele v. Young**, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Walker also cannot avail himself of the second exception because he must bear the responsibility for his failure to obtain timely review of his Colorado conviction in the Colorado courts. "[A] defendant properly bears the consequences of . . . foregoing otherwise available review of a conviction. . . ." **See Lackawanna**, 532 U.S. at 405. Even if Mr. Walker's claims have merit, he waited six years to challenge his sentence in Case No. 98CR181, and he has failed to demonstrate that he was without fault in failing to file a motion for post-conviction relief in the state trial court until November 2008.

Moreover, the merit of Mr. Walker's claims are questionable. Mr. Walker does not assert how his amended sentence in Case No. 98CR181, which is at issue in this action, and not his conviction, was used to support his indictment and sentence in Case

No. 04CR3521, the subsequent criminal case. Furthermore, as stated above, because Mr. Walker challenges only a Rule 35(a) postconviction remedy in state court and not the judgment, he has failed to assert a violation of his federal constitutional rights. Because Mr. Walker's claims suffer from procedural infirmities and lack, merit the Court will deny the Application and dismiss the action. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed for the reasons set forth in this Order. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Walker has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __4th__ day of ___February___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02431-BNB

Tyrone Walker
Prisoner No. 97763
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 4, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk